## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

TERRY LEE CHILDS,           )
                                 )
      Plaintiff,             )
                                 )
v.                             )        Case No. CIV-12-322-HE
                                 )
GEO GROUP, INC., et al,      )
                                 )
      Defendants.        )

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner appearing pro se, has filed this action under 42 U.S.C. § 1983 alleging various violations of his constitutional rights. United States District Judge Joe Heaton has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).

## BACKGROUND

The undersigned entered an Order for Special Report, ECF No. 19, finding that an investigation and special report were necessary to develop a record sufficient to ascertain whether there are any factual or legal bases for the Plaintiff's claims. Additionally, the Order for Special Report advised the Plaintiff that service must be effected on each Defendant within 120 days after the complaint is filed. Fed. R. Civ. P. 4(m). However, the circumstances in this case prevent the proper calculation and requirement of service from date of case filing. On January 13, 2014 the undersigned entered an Order to Show Cause, ECF No. 21. Plaintiff was directed to no later than February 4, 2014, either file proof of service or show cause why service had not been

made. Plaintiff was further advised that his failure to timely serve the Defendants could result in the dismissal of this action. Fed. R. Civ. P. 4(m). A review of the court file indicates that as of the date hereof, Plaintiff has neither filed proof of service nor has he responded to the order directing him to show good cause for his failure to do so. In fact, Plaintiff has not even requested service papers from the Clerk of Court as directed by the Order for Special Report. ECF No. 19.

A plaintiff is required to serve each named defendant with summons and a copy of the complaint, Fed. R. Civ. P. 4(c)(1), and if such service is not made within 120 days after filing of the complaint, the Court may dismiss the action without prejudice as to the un-served defendants. Fed. R. Civ. P. 4(m). The Court's preliminary inquiry under Rule 4(m) is to determine if Plaintiff has shown good cause for his failure to timely effect service. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). "If good cause is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted." *Id*.

A review of the Court's docket shows that Plaintiff filed his complaint on March 23, 2012, thus the 120 day time limit for service has long since expired. Then Magistrate Judge Robert Bacharach recommended dismissal for failure to pay filing fees. That recommendation was adopted by United States District Judge Joe Heaton and the case was dismissed June 18, 2012. The Plaintiff appealed to the Tenth Circuit Court of Appeals and the case was remanded with directions to the Western District of

Oklahoma on April 15, 2013.  The case was reopened and referred to the undersigned on April 17, 2013.

The Tenth Circuit Court of Appeals has noted that a permissive extension of time may be warranted "if the applicable statute of limitations would bar the re-filed action," or where "policy considerations might weigh in favor of granting a permissive extension of time . . . ." *Id* at 842.

"A civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Baker v. Board of Regents*, 991 F.2d 628, 632 (10th Cir. 1993). In a 1983 action, the injury is the constitutional violation, and hence the 1983 claim accrues " when the plaintiff knows or should know that his or her constitutional rights have been violated." Smith, 149 F.3d at 1154 (quotation omitted). The statute of limitations governing Plaintiff's § 1983 cause of action is two years. *Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988) (statute of limitation for § 1983 claims arising in Oklahoma is two years). The Court should exercise its discretion to dismiss the action without prejudice in the absence of any compelling reason, such as the impending expiration of the statute of limitations governing Plaintiff's claims.

Plaintiff's allegations in the Complaint, appear to involve "retaliatory actions" by Defendants against the Plaintiff. Although difficult to decipher, the Plaintiff states that these actions occurred during several date periods the earliest being March 15, 2010 and June __, 2010, appearing to be the last.  "Witness intimidation" by defendants against the Plaintiff during the time period March 23, 2010 and September 7, 2010.

"Deliberate indifference" to Plaintiff's medical conditions by Defendants during May 15, 2010 to September 7, 2010. Because more than two years has elapsed since these alleged incidents occurred, if the cause of action against Defendants is dismissed without prejudice for failure to effect service of process another cause of action based on the same allegations could possibly be barred by the applicable statute of limitations.

The Court through a search of the Oklahoma Department of Corrections -- http://docapp065p.doc.state.ok.us/servlet/page?_pageid=394&_dad=portal30&_schema=PORTAL30&doc_num=100809&offender_book_id=11361; and Vinelink.com -- https://www.vinelink.com/vinelink/detailsAction.do?siteId=37000&agency=900&id=100809&searchType=offender found that Plaintiff is now housed at Lexington Correctional Center in Lexington, Oklahoma. However, the undersigned is unable to determine when the transfer occurred. As of this date the Plaintiff has not submitted a notice of change of address to the Clerk of Court. Plaintiff is responsible for notifying the court of any change of address. See LCvR5.4(a). Moreover, "[p]apers sent by the Court will be deemed delivered if sent to the last known address given to the Court." *Id*. The Court's docket sheet in this matter reflects Plaintiff's address at HELENA – JCCC and does not contain any notice of Plaintiff's change of address.

In determining whether a permissive extension is warranted, the undersigned has considered the confusion and delay that occurred attending to the resolution of the plaintiff's *in forma pauperis* application, resulting in Plaintiff's appeal to the Tenth Circuit Court of Appeals and remand to the Western District of Oklahoma. Plaintiff's failure to

notify the Court of a change of address, and his failure to show good cause for the delay in effecting service have also been considered. The undersigned is also mindful of the Plaintiff's failure to comply with Court orders and rules, the extraordinary amount of time that has passed since the deadline to effect service, and the Plaintiff's apparent lack of interest to prosecute this case. Under these circumstances, a permissive extension of time to effect service of process upon all Defendants is not warranted and the cause of action should be dismissed without prejudice.

## RECOMMENDATION

It is therefore recommended that this action be **DISMISSED WITHOUT PREJUDICE** to re-filing. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of Court by **June 16, 2014**, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Plaintiff is further advised that any failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

This Report and Recommendation **disposes of all issues** referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** on May 30, 2014.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE